274 N.J. Super. 278 (1994)
643 A.2d 1063
STATE OF NEW JERSEY, PLAINTIFF,
v.
RONALD LEGETTE AND DEMONT SELBY, DEFENDANTS.
Superior Court of New Jersey, Law Division Cape May County.
April 6, 1994.
*279 James Herlihy, Assistant Prosecutor, for the State (Stephen D. Moore, Prosecutor, Cape May County, attorney).
Michael Catanese for defendant Ronald Legette.
John Huber for defendant Demont Selby.
ALVAREZ, J.S.C.
Defendants Ronald Legette and Demont Selby filed motions to suppress cocaine found in plain view during an automobile stop. Selby was the driver of the vehicle, Legette the passenger.
At approximately 1:30 p.m. on October 4, 1993, while patrolling the Garden State Parkway, New Jersey State Trooper Robert King clocked Selby's speed at 72 miles per hour. Trooper King promptly pulled the vehicle over, explained the reason for the stop and directed Selby to step out of the vehicle and produce the requisite credentials, which he did. The officer observed that neither occupant wore seat belts.
Trooper King approached the passenger side of the vehicle and asked Legette for identification. He asked Legette to produce identification because he intended to issue tickets to both men for failure to wear seat belts. When Legette said he had none, Trooper King asked him to step out of the vehicle as well. As Legette stepped out of the vehicle, Trooper King observed in plain view, on the floor between the passenger seat and the door, a piece of crumpled brown paper containing several glassine bags filled with white powder.
Both defendants were then charged with failure to wear seat belts contrary to N.J.S.A. 39:3-76.2f and third degree possession of CDS  cocaine, a violation of N.J.S.A. 2C:35-10a(1). Selby was charged with speeding, a violation of N.J.S.A. 39:4-98, and unlawful possession of CDS in a motor vehicle, contrary to N.J.S.A. 39:4-49.1.
In Pennsylvania v. Mimms, 434 U.S. 106, 109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331, 366 (1977), the Court held that a driver can be *280 compelled to step out of his car during a motor vehicle stop as a matter of policy. The requisite Fourth Amendment analysis assesses the reasonableness of the governmental intrusion in light of all the circumstances. The determination is made by balancing the public interest against "the individual's right to personal security free from arbitrary interference by law officers." Mimms, citing United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 2579, 45 L.Ed.2d 607, 614 (1975). In Mimms, the Court cited studies which found that 30% of police shootings occur when an officer approaches a suspect seated in a vehicle. Also noted was the risk of accidental injury to an officer while standing on the edge of the shoulder of a highway by a driver's side door. Id. 434 U.S. at 110-111, 98 S.Ct. at 333, 54 L.Ed.2d at 337. Given the hazards to police arising from motor vehicle stops, the Court concluded a substantial public interest to be at stake. The intrusion on the individual, in contrast, was found to be minimal, a "mere inconvenience." 434 U.S. at 111, 98 S.Ct. at 333, 54 L.Ed.2d at 337. Accordingly, substantial and legitimate concerns for an officer's safety as a matter of public policy were found to outweigh the "mere inconvenience" to the individual. The Mimms doctrine has been held to accord with New Jersey's Constitutional requirements as well. See State v. Smith, 134 N.J. 599, 637 A.2d 158 (1994). The Smith opinion cites to more recent studies which indicate 10% of police fatalities occur during motor vehicle stops.
Unlike the typical motor vehicle stop where an officer questions only the driver, in this instance a summons was also issued to the passenger. When an officer issues a summons to a driver or passenger, nearly the same jeopardy attaches. Although an officer standing on the passenger side of a roadway shoulder is not at risk from oncoming traffic, he is at risk from the passenger. The issuance of a ticket requires an officer detain a suspect for some minutes. For an officer to establish "face-to-face" contact outside the car with a detained person diminishes the possibility of unobserved movements. Mimms, 434 U.S. at 110, 98 S.Ct. at 333, 54 L.Ed.2d at 336. Requiring an individual to stand in the *281 officer's full view reduces the likelihood of an assault upon the officer arising from the motor vehicle stop.
Balancing the substantial and legitimate concerns for police safety against mere inconvenience to a passenger, the public interest must prevail. Therefore, as a matter of public policy, an officer can compel a passenger to step out of a car during a motor vehicle stop while issuing him a summons.
The generalized interest in avoiding unnecessary risks to police safety controls a Mimms contact, not an officer's particularized fears or lack thereof. In State v. Smith, supra, our Court declined to extend the Mimms per se doctrine to passengers (with whom an officer would not ordinarily have contact) absent "specific and articulable facts that would warrant heightened caution to justify ordering the occupants to step out of a vehicle detained for a traffic violation." Id. 134 N.J. at 618, 637 A.2d 158. The opinion established that an officer may lawfully compel a passenger to step out of a motor vehicle in some exceptional circumstances. The issuance of a traffic summons to a passenger, which puts an officer at nearly as much risk as the issuance of a summons to a driver, is such an exception.
N.J.S.A. 39:3-76.2i states that enforcement of the "Passenger Automobile Seat Belt Usage Act" is to be a secondary detention for another illegal act. The statutory provision reads as follows:
Enforcement of this act by State or local law enforcement agents shall be accomplished only as a secondary action when a driver of a passenger automobile has been detained for a suspected violation of Title 39 ... or some other offense.
Selby, the driver of the vehicle, had been lawfully detained for speeding. Clearly, the enforcement of N.J.S.A. 39:3-76.2i against the passenger was secondary to the issuance of the driver's summons for violation of N.J.S.A. 39:4-98, and was therefore proper.
In accordance with the above, the motion to suppress is denied. The seizure of cocaine resulted from the officer's plain view observations during this permissible automobile stop.